# EXHIBIT A

ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street
Astoria, New York 11103
Norma E. Ortiz
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re                                                                    Chapter 11

JOE'S PLACE OF THE BRONX, NY, INC.,               Case No. 17-11542-mg


                                    Debtor.
----------------------------------------------------------X

## FIFTH AMENDED PLAN OF REORGANIZATION

### SUMMARY

This Fifth Amended Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of JOE'S PLACE OF THE BRONX, NY, INC. (the "Debtor") from its future income from the operation of its restaurant located at 1841 Westchester Ave., Bronx, NY 10472. The Plan provides for one Class of General Unsecured Claims and one Class of equity Interest Holders. Holders of General Unsecured Claims will receive payment of at least 10% of their Allowed Claims under the Plan. The Debtor's sole Interest Holder will retain his Interest in the Reorganized Debtor under the Plan in exchange for a contribution of $20,000. Priority Claims are unclassified under the Plan. All priority Claimants shall receive full payment of their Allowed Claims or payment upon such other terms as may be agreed upon by such Claimants and the Debtor. The Plan also provides for the payment of Administrative Claims in full on the Effective Date of the Plan unless otherwise agreed upon by such Claimants and the Debtor.

All creditors should refer to **Articles III through VI** of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders shall be circulated with this Plan.  **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE I

## <u>DEFINITIONS AND RULES OF CONSTRUCTION</u>

1.00    Definition of Terms.

1.01        <u>Administrative Claim</u>:   means a Claim for any cost or expense of
administration in connection with this Bankruptcy Case of a kind specified
in Sections 502(f) and 503(b) of the Bankruptcy Code and referred to in
Sections 507(a)(2) and 1114 of the Bankruptcy Code, including, without
limitation, any actual and necessary cost and expense of preserving the
Estate of the Debtor incurred after the Filing Date and up to Confirmation;
any indebtedness or obligation incurred or assumed by the Debtor in
connection with the ordinary conduct of its business; allowances of
compensation for legal or other professional services and reimbursement
of costs and expenses under Section 330(a) or 331 of the Bankruptcy Code or
otherwise allowed by the Court; all costs of making distributions and providing
notices and ballots with respect to the Plan; and all fees and charges assessed
against the Estate under Chapter 123, Title 28, United States Code.

1.02        <u>Administrative Creditor</u>:   means a person or entity holding an Allowed
Administrative Claim.

1.02a       <u>Administrative Tax Claim</u>:  means an Administrative Claim for a tax due to a
governmental entity.

1.03        <u>Allowed</u>:  when used in conjunction with the Claims or Class of Claims
defined in this Plan, means a Claim or portion of a Claim: (i) which is
scheduled by the Debtor pursuant to Sections 521(1) of the Bankruptcy
Code, other than a Claim which is scheduled by the Debtor as disputed,
contingent or unliquidated; or (ii) for which proof has been filed, pursuant
to Section 501(a) of the Bankruptcy Code; or (iii) any Claim allowed
pursuant to this Plan and, in each such case in (i) and (ii) above, as to
which either (a) no objection to the allowance thereof has been interposed
within the applicable period of time fixed by this Plan, the Bankruptcy
Code, the Bankruptcy Rules or the Court or (b) such an objection is so
interposed and the Claim shall have been allowed by a Final Order and to
the extent so allowed by the Court.  Notwithstanding the foregoing,
Claims shall be Allowed to the extent that this Plan provides that they are
deemed Allowed.

1.04        <u>Bankruptcy Case</u>:  means this Chapter 11 reorganization case, filed under
Case No. 17-11542, and commenced by the filing of the Debtor's

voluntary chapter 11 petition with the Clerk of the Court on June 2, 2017.

1.05      Bankruptcy Code or Code:   means Title 11 of the United States Code, 11
          U.S.C. Sections 101, et seq., as amended.

1.06      Bankruptcy Court or Court:   means the United States Bankruptcy Court for the
          Southern District of New York, or any other court having jurisdiction over the
          Bankruptcy Case.

1.07      Bankruptcy Rules:  means the Federal Rules of Bankruptcy Procedure and the
          Local Bankruptcy Rules of the Bankruptcy Court, together with all amendments
          and modifications from time to time made thereto as prescribed under 28 U.S.C.
          Section 2075.

1.08      Bar Date:   means April 10, 2019, which is the deadline set by the Court for filing
          all proofs of claim against the Debtor.

1.09      Business Day:   means any day other than a Saturday, Sunday or a "legal holiday,"
          and as that term is defined in Bankruptcy Rule 9006.

1.10      Cash:   means cash and cash equivalents, including but not limited to, bank
          deposits, checks and other similar item.

1.11      Causes of Action:   means, if any, all of the Estates legal and equitable interest in
          any claim, as that term is defined in Bankruptcy Code 101(5), against any
          individual or entity.

1.12      Chapter 11:   means Chapter 11 of the Bankruptcy Code.

1.13      Claim:   Any right to a payment from the Debtor, whether or not such right is
          reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or
          unmatured, disputed or undisputed, legal or equitable in nature, or secured or
          unsecured; and a right to an equitable remedy for breach of performance if such
          breach gives rise to a right to payment, whether or not such right is reduced to
          judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or
          unsecured.

1.14      Claimant:   means the holder of a Claim.

1.15      Class:   means a category of holders of Claims as provided for in Article II of this
          Plan.

1.16      Confirmation:   means the entry of an order by the Court confirming this Plan in

accordance with Chapter 11.

1.17        Confirmation Date:   means the date upon which the Court enters an order
            confirming this Plan in accordance with Chapter 11.

1.18        Confirmation Order:   means the order entered by the Court confirming this Plan
            in accordance with Chapter 11.

1.19        Debtor:   means Joe's Place of the Bronx, NY, Inc., as debtor and debtor-in-
            possession.

1.20        Debtor's Professionals:   means the following professional firms: Ortiz & Ortiz,
            L.L.P.

1.21        DIP Account:   means the bank account established by the Debtor as its Debtor-in-
            Possession bank account in this Bankruptcy Case.

1.22        Disallowed Claims:   means any Claim or portion thereof that has been disallowed
            by the Court by a Final Order.

1.23        Disbursing Account:   means the bank account that will be established after the
            Confirmation Date to disburse the payments provided for in the Plan.

1.24        Disbursing Agent:   means the Reorganized Debtor or its designated agent, who
            shall maintain the Disbursing  Account.

1.25        Disclosure Statement:   means the disclosure statement, as may be amended or
            modified, that (I) relates to this Plan and (ii) as approved by the Bankruptcy Court
            under Section 1125 of the Bankruptcy Code, to the extent necessary.

1.26        Disputed Claims:   means (I) a Claim which is scheduled by the Debtor as
            disputed, contingent or unliquidated, or (ii) any Claim that is not Allowed, or (iii)
            any Administrative Claim filed by or asserted by a Professional or any other
            Administrative Creditor to which the Debtor files an objection with the Court, or
            (iv) any Claim which has been filed pursuant to Section 501(a) of the Bankruptcy
            Code and as to which an objection to the allowance thereof has been or will be
            interposed within the time limitation fixed by the Bankruptcy Code, by an order of
            the Court, or by this Plan, which objection has not been determined, in whole or in
            part, by a Final Order.

1.27        Effective Date:   means the date selected by the Debtor that is the eleventh
            business day following the date of the entry of the order of confirmation.  But if a
            stay of the confirmation order is in effect on that date, the effective date will be

the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

1.28        Estate:   means the estate created in this Bankruptcy Case pursuant to Section 541 of the Bankruptcy Code.

1.29        Executory Contracts:   means executory contracts and unexpired leases as described in Section 365 of the Bankruptcy Code.

1.30        Filing Date:   means February 21, 2017, the date the Debtor filed its voluntary bankruptcy petition with the Clerk of the Court.

1.31        Final Order:   means an order, ruling, or judgment that is in full force and effect, is not stayed, and is no longer subject to review, reversal, modification, amendment, appeal, or writ of certiorari.

1.32        General Unsecured Claim:   means any Claim other than a Priority Claim, a Priority Tax Claim, or an Administrative Claim.

1.33        Impaired:   means any Claim that is impaired within the meaning of Section 1124 of the Bankruptcy Code.

133.a        Interest:  means an equity interest in the Debtor.

133.b        Interest Holder:  means Joe Torres, the holder of all of the equity interests in the Debtor.

1.34        Lease:   means the commercial lease between the Debtor and The Estate of Harry Katz for the property located at 1841 Westchester Avenue, Bronx, New York.

1.35        Lien:   shall have the meaning ascribed to such term in Bankruptcy Code Section 101(37).

1.36        Plan:   means this Chapter 11 Plan of Reorganization or as may be further amended or modified.

1.37        Priority Tax Claim:   means any Claim entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

1.38        Professional or Professionals:   means any professional person or entity as defined by Section 327(a) of the Bankruptcy Code.

1.39        Property:   means the Debtor's interest in the Lease, and the personal property

more fully described in the Debtor's Schedules.

1.40        Record Date:   means the last date fixed pursuant to a Final Order of the
            Bankruptcy Court for the purpose of voting with respect to this Plan.

1.41        Reorganized Debtor:   means the Debtor immediately following the date upon
            which the Confirmation Order becomes a Final Order.

1.42        Schedules: means the schedules of assets and liabilities filed in the Bankruptcy
            Court in the Bankruptcy Case, as have been and may be further amended.

1.42a       Secured Claim: means a claims secured by a lien upon property owned by the
            Debtor.

1.43        Unclaimed Property:   means any Cash that is unclaimed within sixty days after
            such Cash is distributed, and shall include: (I) checks, and the funds represented
            thereby, that have been returned as undeliverable; (ii) funds for checks that have
            not been paid or negotiated; and (iii) checks, and the funds represented thereby,
            that were not mailed or delivered because of the absence of a proper address to
            which to mail or deliver same.

1.44        Unsecured Tax Claim:   means any tax Claim that is a general unsecured Claim.

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1          All unsecured claims allowed under § 502 of the Code.

2.02    Class 2          The equity interests of Joe Torres, the Debtor's sole shareholder.

## ARTICLE III

## TREATMENT OF UNCLASSIFIED CLAIMS

3.01    Unclassified Claims. Under section §1123(a)(1), administrative expense claims are not
classified. The Plan does not classify Administrative Claims, including Administrative Tax
Claims and Priority Tax Claims. Such Claims, to the extent Allowed, shall receive the treatment
provided in this Article III in full satisfaction, release and discharge thereof.

3.02    Administrative Expense Claims for Professional Fees. Each holder of an administrative
expense claim allowed under § 503 of the Code for professional fees, will be paid in full on the
effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be

agreed upon by the holder of the claim and the Debtor and as permitted by order of the Bankruptcy Court.

3.03    United States Trustee Quarterly Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any quarterly fees owed on or before the effective date of this Plan will be paid on the effective date.

3.04    Priority and Secured Tax Claim of the New York State Department of Taxation of Finance:

The New York State Department of Taxation of Finance ("NYSDTF") filed a Proof of Claim dated March 25, 2019, in the amount of Three Million One Hundred and Three Thousand Three Hundred and Ninety Five Dollars and Forty Three Cents ($3,103,395.43) (the "Original Claim"). NYSDTF has agreed to accept, and the Debtor has agreed to pay, Three Hundred and Twenty Four Thousand Dollars ($324,000.00) (the "Reduced Claim") in full satisfaction of the Original Claim so long as the Debtor complies with the terms of the Plan that apply to NYSDTF. NYSDTF's Reduced Claim shall be an Allowed Claim under the Plan.

The Debtor shall pay the Reduced Claim to NYSDTF in the following manner:  Four Thousand Five Hundred Dollars ($4,500.00) a month for 72 months commencing on the Effective Date of the Plan.  The monthly payments shall be made no later than the fifteenth day of each month. All payments made to the NYSDTF shall be mailed to Enid Stuart Nagler, Assistant Attorney General, 28 Liberty Street, New York, NY 10005. The Debtor shall be allowed to prepay in full or in part NYSDTF's Claim without any penalty or premium.

If the Debtor fails to comply with the terms of the Plan, NYSDTF may seek to collect the full amount due under the Original Claim from the Debtor, including any and all interest and penalties due under the Original Claim.

NYSDTF shall retain its liens to the same extent and priority as existed on the Petition Date until the Debtor completes its payments to NYSDTF under the Plan. Failure by the Reorganized Debtor to make a payment to NYSDTF pursuant to the Plan shall be an event of default by the Debtor under the Plan. If the Reorganized Debtor fails to cure its default to NYSDTF within thirty (30) days of written notice to the Reorganized Debtor, then NYSDTF may take action in accordance with non-bankruptcy law to collect the balance of its claim without further order of the bankruptcy court. Written notice of the default must be sent by mail to Ortiz & Ortiz LLP, 32-72 Steinway St., Ste. 420, Astoria, New York 11103 and Joe Torres, Joe's Place of the Bronx, 1841 Westchester Ave,  Bronx, NY 10472.

3.05    Administrative and Priority Tax Claim of the New York City Department of Finance:

The New York City Department of Finance ("NYCDOF") filed a proof of claim dated October 25, 2017, in the amount of Twenty-Six Thousand Four Hundred and Forty-Three Dollars and Seventy-

Six Cents ($26,443.76). Bankruptcy Code section l 129(a)(9)(C) requires that NYCDOF's Priority Tax Claim to be paid in full over a period ending not later than five (5) years after the Petition Date. Accordingly, unless otherwise agreed to between NYCDOF and the Debtor, NYCDOF's Priority Tax Claim shall be paid in full as follows: On the Effective Date, the Debtor shall commence making monthly payments to NYCDOF in the amount of approximately $980 a month for a period of approximately 26 months (depending on the Effective Date of the Plan), with applicable statutory interest. The monthly payments shall be made no later than the fifteenth day of each month. The Debtor shall be allowed to prepay NYCDOF's Claim in full without any penalty or premium.

## ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    General Unsecured Claims and Interest Holders shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – General Unsecured Creditors | Impaired | Unsecured creditors shall receive Ten Percent (10%) of their allowed claims. Such payments shall be made monthly commencing from the Effective Date in no more than 60 months without interest. Payments shall be made no later than the fifteenth day of each month. |
| Class 2 - Interest Holder | Unimpaired | Jose Torres will retain his shareholder interest in the reorganized debtor in exchange for a contribution of Twenty Thousand Dollars ($20,000.00) towards the funds needed for the Plan. |

## ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest have filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. The amount of any Disputed Claim which would otherwise be entitled to a distribution were the Claim Allowed, will be reserved from any distribution thereon. Upon a Disputed Claim becoming an Allowed Claim by a Final Order, any distributed amount then due to be made in respect of such Claim shall be issued to the

8

holders of the Allowed Claim within thirty (30) days.

5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effective date of this Plan:

Commercial Lease between the Debtor and The Estate Of Harry Katz ("Landlord"), for the property located at 1841 Westchester Avenue, Bronx, New York (the "Premises") (the "Lease").

The Debtor has entered into an agreement (the "Lease Agreement") with the Landlord that provides that the Landlord shall have an Allowed Administrative Claim against the Debtor in the amount of $137,025.53 for unpaid rent and additional rent (the "Arrears"). The Lease Agreement provides for the payment of the Arrears on a monthly basis and the timely payment of the amounts due regularly under the Lease. A copy of the Lease Agreement is annexed as Exhibit A.

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the Effective date of this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII

## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01    Time of Distributions Under the Plan.

Payments to all classes of creditors shall commence upon the Effective Date.  All payments shall be completed in no more than 72 months from the Effective date, and shall be paid monthly commencing on the Effective Date.

7.02    Manner of Payments Under the Plan.

Payments to be made by the Debtor pursuant to this Plan shall be made by check drawn on

the Disbursing Account or upon such other terms as may be agreed upon by the Reorganized Debtor
and the Claimant.

## ARTICLE VIII

## <u>GENERAL PROVISIONS</u>

8.01    <u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in
§§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in
this Plan, and they are supplemented by the following definitions: see definitions listed Article I
above.

8.02    <u>Effective Date of Plan</u>. The effective date of this Plan is the eleventh (11) business day
following the date of the entry of the order of confirmation. But if a stay of the confirmation order is
in effect on that date, the effective date will be the first business day after that date on which no stay
of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03    <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the
determination will in no way limit or affect the enforceability and operative effect of any other
provision of this Plan.

8.04    <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will
be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    <u>Headings</u>. The headings contained in this Plan are for convenience of reference only and do
not affect the meaning or interpretation of this Plan.

8.06    <u>Controlling Law</u>. Unless a rule of law or procedure is supplied by federal law (including the
Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York govern this
Plan and any agreements, documents, and instruments executed in connection with this Plan, except
as otherwise provided in this Plan.

## ARTICLE IX

## <u>DISCHARGE</u>

9.01.    <u>Discharge.</u>  Except as otherwise provided in the Plan or Confirmation Order, in accordance
with Section 1141(d) of the Bankruptcy Code, the Confirmation Order, upon the Effective Date,
acts to discharge the Debtor, effective as of the Confirmation Date, of all Claims against, debts of,
or liens against the Debtor, its assets or property, which Claims, debts, liens or interests arose at any
time prior to entry of the Confirmation Order.  The discharge of the Debtor shall be effective as to
each Claim regardless of whether a proof of such Claim was filed, whether such Claim is an
Allowed Claim, or whether the Claim Holder votes to accept the Plan. The holder of a discharged
Claim shall be forever barred and precluded from asserting against the Debtor, its assets or property,
any other or further Claim or Interest based upon any documents, instrument, act, omission,

10

transaction, or other activity of any kind or nature that occurred before the Confirmation Date.

9.02.    In accordance with Section 524 of the Bankruptcy Code, the discharge provided by this Article and Section 1141 of the Bankruptcy Code, inter alia, acts as an injunction against the commencement or continuation of any action, employment of process or act to collect, offset or recover the Claims and Interests discharged by this Plan.  Such injunction shall extend to any successor of the Debtor (including, without limitation, the Reorganized Debtor) and its respective property and interests in property.

9.03    Title to Assets:  Except as otherwise provided in this Plan, on the Effective Date, title to all assets of the Debtor shall vest in the Reorganized Debtor free and clear of all Claims, Liens, charges and encumbrances of creditors.

## ARTICLE X

## OTHER PLAN PROVISIONS

10.01. Unclaimed Cash.  Any person who fails to claim any cash within three (3) months from the date such cash is distributed shall forfeit all rights to that distribution and shall have no further claim whatsoever against the Debtor to such distribution.  Unclaimed cash shall be returned to the Debtor.

10.02. Modification of the Plan.  The Debtor reserves the right, in accordance with the Bankruptcy Code, to amend or modify the Plan prior to the Confirmation Date.  After the Confirmation Date, the Debtor may, upon order of the Bankruptcy Court, in accordance with Section 1127(b) of the Bankruptcy Code and on appropriate notice, remedy any defect or omission or reconcile any inconsistencies in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan.

10.03.  Objections to Claims.  The Debtor reserves the right to file any objections not previously filed with the Court within sixty days (60) days after the Confirmation Date.

10.04.  Limitation of Liability.  From and after the Effective Date, to the extent permitted under Section 1125(e) of the Bankruptcy Code, the Debtor, its officers and directors and the Debtor's Professionals shall neither have nor incur any liability to any person for any act taken or omitted to be taken in connection with the Case, including the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan, any exhibits thereto, the Disclosure Statement or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions (a) shall not affect the liability of any person that otherwise would result from any such act or omission to the extent that act or omission is determined in a final order to have constituted gross negligence or willful misconduct, and (b) shall not abrogate any applicable disciplinary rules.  Any of the foregoing parties in all respects

11

shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

10.05.  Employment and Payment of Professionals After Confirmation Date.  The Reorganized Debtor may employ and pay professionals including any professional retained in the Chapter 11 Case, with respect to services to be rendered after the Confirmation Date, including services in connection with the implementation and consummation of the Plan, without further order of the Bankruptcy Court.  Unless otherwise provided for in the Confirmation Order or other order of the Court, fees and expenses incurred for services rendered to the Debtor by its professionals following the Confirmation Date, shall be paid by the Reorganized Debtor.

10.06.  Injunction.  On the Effective Date of the Plan, except as otherwise provided in the Plan or the Confirmation Order, all Persons shall be deemed to be bound by the terms of the Plan, including holders of Claims or Interests not listed in the Schedules, or listed on the Schedules as disputed, unliquidated or contingent, who did not file Proofs of Claim or Interest by the applicable Bar Date, and, to the extent permitted under Section 1141(d)(3) of the Bankruptcy Code, will be prohibited from:

> a)   commencing or continuing any suit, action or other proceeding of any kind or nature or employing any process against the Debtor, the Estate, the Assets, the Estate Representative or any direct or indirect successor to the Debtor, or to interfere with the consummation or implementation of this Plan, or the Distributions to be made hereunder,

> b)   enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, directly or indirectly, any judgment, award, decree or order against the Debtor, the Estate or the Assets or any direct or indirect successor in interest to the Debtor, or any assets or property of such successor,

> c)   creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien against the Debtor, the Estate or the Assets, or any direct or indirect successor in interest to the Debtor, or any assets or property of such successor other than as contemplated by the Plan,

> d)   except as provided herein, asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the Debtor, the Estate or the Assets, or any direct or indirect successor in interest to the Debtor, or any assets or property of such successor, and

> e)    proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Plan.

10.07.  Entire Agreement.  This Plan and the Confirmation Order, including any exhibits, sets forth

the entire agreement and understanding among the parties hereto relating to the subject matter hereof and supersedes all prior discussions and documents.  No party shall be bound by any terms, conditions, definitions, warrants, understandings or representations with respect to the Plan other than as are expressly provided for herein.  Should any provision in the Plan be determined to be unenforceable by a Bankruptcy Court of competent jurisdiction, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of the Plan.  The duties, rights and obligations of any person or entity named or referred to in the Plan shall be binding upon, inure to the benefit of, and shall be the responsibilityof, the successors and assigns of such person or entity.

10.08.  Satisfaction of Claims and Interests.  Upon the Effective Date, the Debtor and the Estate shall be conclusively determined to have no liability to the holder of any Claim or Interest that is not Allowed, and only to the extent provided for in the Plan with respect to the holder of any Allowed Claim or Interest.  This provision shall not be construed as a release of any Claims any creditor may have against a third party on account of its Claim.

10.09.  Confirmation Order and Plan Control.  To the extent the Confirmation Order and/or this Plan is inconsistent with the Disclosure Statement, any other agreement entered into between or among the Debtor and any third party, this Plan controls the Disclosure Statement and any such agreements and the Confirmation Order (and any other orders of the Court) controls this Plan.

10.10.  Authorizations.  The Debtor is authorized, empowered, and directed to execute such documents and take any and all other action as may be necessary or required in order to effectuate the terms of this Plan.

10.11.  Transaction on Business Days.  If the Effective Date or any other date on which a transaction or Distribution may occur hereunder shall fall on a day that is not a Business Day, the transaction or Distribution shall instead take place on the next Business Day.

10.12.  Defects, Omissions and Amendments.  This Plan may be altered, or modified by the Debtor before or after the Confirmation Date as provided in Section 1127 of the Code.

10.13.  Revocation.  The Debtor reserves the right to revoke and withdraw this Plan at any time prior to the Confirmation Date.  If the Plan is revoked or withdrawn, it shall be deemed null and void, and in such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claim by or against the Debtor or any other entity, or to prejudice in any manner, the rights of the Debtor or any entity in any further proceeding involving the Debtor.

10.14.  Substantial Consummation.  The Plan will be deemed substantially consummated, as such term is used in Section 1101(2) of the Bankruptcy Code, upon the commencement of Distributions to the holders of a Class of Claims under this Plan.  Following such substantial consummation, any appeal, rehearing or other post-confirmation motion of any nature with respect to this Plan or the Confirmation Order except as specifically provided herein or therein shall be rendered moot and no

longer justiciable.

10.15.  Severability.  Should any provision in this Plan be determined to be unenforceable, such determination shall, to the extent possible, in no way limit or affect the enforceability and operative effect of any or all other provisions of this Plan.

10.16.  Effectuating Documents and Further Transactions.  The Debtor shall be authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements and take such other action as may be necessary to effectuate and further evidence the terms and conditions of the Plan.

10.17.  Successors and Assigns.  The rights, benefits, and obligations of any person or entity named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the heirs, executors, administrators, successors, or assigns of such Person or entity.

10.18.  Officers In The Reorganized Debtor.  The Officer of the Reorganized Debtor will be Jose Torres, President.  He will receive a salary from the Reorganized Debtor.

10.19.  Post-Confirmation Reporting.  After the Plan if approved and confirmed by the court, the Debtor shall file monthly reports until a final decree is entered.  Within fourteen (14) days after the estate is fully administered and the Court has discharged the Debtor, the Debtor shall file and serve upon the United States Trustee a closing report.

## ARTICLE XI

## RETENTION OF JURISDICTION

Notwithstanding Confirmation of this Plan or occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction for the following purposes:

11.01    Determination of all controversies relating to or concerning the classification, allowance, disallowance, subordination, treatment or satisfaction of Claims;

11.02    Determination of the validity, extent, value, priority and avoidability of consensual and non-consensual liens and other encumbrances.

11.03    Determination of tax liability pursuant to Section 505 of the Code;

11.04    Determination of all matters relating to the assumption, assumption and assignment or rejection of any executory contract or unexpired lease;

11.05    Determination and fixing of all Administration Claims entitled to priority pursuant to Section 507(a)(1) of the Code, including compensation to counsel, and other professionals.

11.06    Resolution of controversies and disputes regarding the interpretation of this Plan;

11.07    Determination of any applications, motions, adversary proceedings and contested or litigated matters properly before or hereafter brought in this Court;

11.08    Liquidation or other determination of all disputed, contingent or unliquidated Claims;

11.09    Modification of the Plan pursuant to Section 1127 of the Bankruptcy Code;

11.10.   Implementation of the provisions of this Plan and entry of orders in aid of Confirmation and consummation of the Plan;

11.11    Determination of such matters as may be provided for in the Confirmation Order or may be in aid of consummation of the Plan at any time until the final distribution payable to Claim or the Interest Holder has been made.

11.12    Adjudication of any causes of action that arose pre-Confirmation or in connection with the implementation of this Plan.

11.13    Entry of a Final Order closing the Debtor's Chapter 11 Case; and

11.14    Resolution or reconciliation of any omission or inconsistency in the Plan or in the Confirmation Order as may be necessary to carry out the purpose and intent of the Plan.

                                    Respectfully submitted,


Dated: February 14, 2020
            Astoria, New York                     S/Jose Torres
                                                  Jose Torres, President


s/Norma E. Ortiz
Ortiz & Ortiz, LLP
32-72 Steinway Street, Ste. 402
Astoria, New York 11103
Tel. (718) 522-1117
Debtor's Counsel

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

JOE'S PLACE OF THE BRONX, NY, INC.,                    Case No. 17-11542

                              Debtor.                  Chapter 11
--------------------------------------------------------X

### STIPULATION BETWEEN THE DEBTOR AND ITS COMMERCIAL LANDLORD TO ASSUME THE DEBTOR'S COMMERCIAL LEASE AND CURE DEFAULTS

WHEREAS, Joe's Place of the Bronx, NY, Inc. (the "Debtor"), filed a voluntary Chapter

11 bankruptcy petition on June 2, 2017 in the Southern District of New York (the "Court");

WHEREAS, the Debtor remains a Debtor-in-possession:

WHEREAS, the Debtor, as commercial tenant, and its landlord, the Harry Katz Family

LLC (the "Landlord"), are parties to a commercial lease for the space located at 1841

Westchester Avenue, Bronx, New York (the "Lease"),

WHEREAS, pursuant to prior stipulations and orders of the Court, the Debtor's time to

assume or reject the Lease has been extended to confirmation;

WHEREAS, the Debtor owes the Landlord prepetition rent and related charges in the

amount of $109,601.00 (the "Pre-Petition Arrears"), as reflected in proof of claim number 8 filed

on September 18, 2017, which claim is hereby deemed allowed in full and not subject to offset;

WHEREAS, the Debtor owes post-petition rent and related charges in the amount of

$27,424.53 (the "Post-Petition Arrears"), making total arrears of $137,025.53 (the "Total

Arrears");

WHEREAS, the Debtor and the Landlord have agreed to the Debtor's assumption of the

Lease on the terms and conditions stated herein, including that the Debtor pay the Total Arrears;

Based upon the foregoing,

1

**IT IS HEREBY STIPULATED AND AGREED**, by and among the parties, through their undersigned counsel, that the Debtor will assume the Lease and pay the Total Arrears as follows (the "Stipulation"): in addition to the regular monthly rent due to the Landlord, the Debtor shall pay the Total Arrears pursuant to the following monthly payment schedule:

| Month | Year 2020 | Year 2021 | Year 2022 | Year 2023 | Year 2024 | 2025 |
|---|---|---|---|---|---|---|
| January | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 |
| February | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 |
| March | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,525.53 |
| April | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | |
| May | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | |
| June | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | |
| July | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | |
| August | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | |
| September | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | |
| October | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | |
| November | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | |
| December | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | |

**IT IS FURTHER AGREED** that the Debtor may prepay the Total Arrears without penalty.

**IT IS FURTHER AGREED** that the payment of the monthly regular rent and the Total Arrears payment is due within the first ten (10) business days of the due date of the 1st of each month or be subject to a five (5%) percent penalty fee of the total unpaid monthly balance.

**IT IS FURTHER AGREED** that all other terms of the Lease between the Debtor and the Landlord remain in full force and effect, including any rent increases pursuant to the Lease.

**IT IS FURTHER AGREED** that in the event of default on the Stipulation, so long as the Debtor remains in bankruptcy, the Landlord may submit a certification of default to the Court with a proposed Order for Stay Relief, upon notice to the Debtor through its counsel, and stay relief may be granted to the Landlord to terminate the Lease without the need for a separate

motion.

**IT IS FURTHER AGREED** that the Debtor shall seek court approval of the Stipulation and assumption of the Lease through its plan of reorganization and confirmation of same, or by motion to the Court.

**IT IS FURTHER AGREED** that if the Lease is assumed pursuant to confirmation of the Debtor's plan of reorganization, by motion or otherwise, the Landlord shall have an allowed, administrative claim in the Debtor's bankruptcy case in the amount of $137,025.53, minus any payments made pursuant to the Stipulation.

**IT IS FURTHER AGREED** that the Court shall retain jurisdiction to enforce the terms and conditions of the Stipulation so long as the Debtor remains in bankruptcy.

**IT IS FURTHER AGREED** that digitally-created or e-mailed signatures shall have the same force and effect as original signatures, and the Stipulation may be executed in counterparts.

Dated: November 26,  2019                              DATED: NOVEMBER 26, 2019

*/S/ RICK A. STEINBERG*                                 */S/ NORMA E. ORTIZ*
RICK A. STEINBERG                                      NORMA E. ORTIZ
PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.    ORTIZ & ORTIZ, L.L.P.
50 TICE BOULEVARD, SUITE 380                  32-72 STEINWAY STREET, SUITE 402
WOODCLIFF LAKE, NJ 07677                        ASTORIA, NY 11103
TEL. (201) 391-3737                                   TEL. (718) 522-1117
*COUNSEL TO THE LANDLORD*                       *COUNSEL TO THE DEBTOR*

3